# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**KENNETH A. KRAUCUNAS**
       **Plaintiff,**

v.                                                                  Case No. 11-CV-1122

**OZAUKEE COUNTY, et al.,**
       **Defendants.**

## DECISION AND ORDER

Plaintiff Kenneth Kraucunas has filed this action pursuant to 42 U.S.C. § 1983 against Ozaukee County, Wisconsin, Dennis E. Kenealy, corporation counsel for the county, and Rhonda K. Gordon, assistant corporation counsel for the county. Ordinarily, a plaintiff must pay a statutory filing fee of $350 to bring an action in federal court. 28 U.S.C. § 1914(a). Plaintiff, however, has requested leave to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915. I will grant plaintiff's motion to proceed in forma pauperis, but I am also dismissing this case because plaintiff's complaint fails to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1915 is meant to ensure indigent litigants meaningful access to federal courts, Nietzke v. Williams, 490 U.S. 319, 324 (1989). Under § 1915, an indigent party may commence a federal court action, without paying required costs and fees, upon submission of an affidavit asserting inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). Plaintiff has filed the required affidavit of indigence, and upon review of that affidavit, the court is satisfied that plaintiff meets the poverty requirements of section 1915.

Plaintiff avers that he is unemployed and that his wife makes only $400-500 per month. Their only assets are a used car and a house that has been refinanced. Their mortgage payment alone is $350 per month, and plaintiff avers that he is "just about bankrupt." Therefore, I will grant his motion to proceed without paying the filing fee.

Plaintiff's complaint, however, fails to state a claim on which relief may be granted. District courts have the authority to screen complaints filed by all litigants, regardless of fee status. 28 U.S.C. § 1915(e)(2)(B)(i-iii). A complaint should be dismissed if it fails to state sufficient facts to support a claim for relief that is plausible on its face. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). In other words, dismissal is appropriate if it appears beyond a doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 561 (2007).

The relevant facts are as follows: Plaintiff alleges that he is a notary public, and that he sent at least five different letters to 37 different Ozaukee County officials between August 17, 2011 and November 30, 2011. The letters contained affidavits from a man named Steven Magritz, and the affidavits allege that Dennis Kenealy illegally prosecuted a tax foreclosure on behalf of Ozaukee County against Magritz's property in 2001. The affidavits were notarized by plaintiff and the letters were sent "c/o Notary." Each of the five letters demand that the 37 county officials respond to the allegations made by Magritz and state that failure to respond would be "an admission to the fact that everything in this letter is true, correct, legal, lawful." None of the county officials ever answered the letters. Instead, defendants filed a petition for a restraining order against plaintiff prohibiting him from corresponding with all Ozaukee County supervisors, officials, and employees. The Ozaukee County Circuit Court issued a temporary

2

restraining order ("TRO") on December 1, 2011 and notified plaintiff that there would be an injunction hearing on December 14, 2011. In response, plaintiff filed this lawsuit alleging that the petition for the restraining order is an abuse of the legal process that is interfering with his lawful duties as a notary public and officer of the State of Wisconsin. He further alleges that defendants are attempting to stop citizens from knowing about alleged criminal activity committed by public officials, and that they are committing a federal crime by retaliating against a witness.

The letters sent to the Ozaukee County officials appear to be demands for admissions of fact that might be made to an opposing party as part of discovery in civil litigation, but plaintiff does not claim to have filed a lawsuit in state or federal court against any of the 37 officials. Magritz did hand deliver a "Report of Criminal Activity by Victim/Witness" to the Sheriff of Ozaukee County on July 13, 2011, but on August 11, 2011, the sheriff notified Magritz the he found no reason to pursue charges. Therefore, plaintiff has not successfully alleged that he had any protected legal right to send these letters. Plaintiff also does not claim that either he or Magritz are witnesses in any ongoing state or federal proceeding. His only allegation is that defendants exercised their legal right to petition a Wisconsin state court for a restraining order, and that the state court found that the petition justified issuing a TRO that prohibits plaintiff from corresponding with county officials. When issuing the TRO, the state court notified plaintiff of his opportunity to present arguments on his own behalf at an injunction hearing two weeks later. It is also worth noting that the affidavit supporting the petition for the TRO (which plaintiff attached to his complaint) indicates that a similar injunction has already been issued against Magritz because of his correspondence with county officials back in 2002.

**THEREFORE, IT IS ORDERED** that plaintiff's motion to proceed in forma pauperis [DOCKET #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED**.

Dated at Milwaukee, Wisconsin, this 21st day of January, 2012.

                                                      s/ Lynn Adelman
                                                    LYNN ADELMAN
                                                    District Judge